**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IMELDA HARTLEY, on behalf of her six
minor children, E.G., P.I.O., J.L.O., K.S.O.,
J.P.O., J.V.O.; ANDREA J. GARCIA,

No.    23-15932

D.C. No. 2:21-cv-01098-SMB

Plaintiffs-Appellees,

v.

MEMORANDUM*

TIFFANY HUGHES; JENNIFER
GARLAND,

Defendants-Appellants.

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted June 6, 2024
Pasadena, California

Before: CLIFTON and COLLINS, Circuit Judges, and RODRIGUEZ,** District
Judge.

Imelda Hartley brought this action under 42 U.S.C. § 1983 claiming that

Defendants Tiffany Hughes and Jennifer Garland violated her familial rights by

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Xavier Rodriguez, United States District Judge for the
Western District of Texas, sitting by designation.

removing her children from her home without a warrant. Defendants appeal the district court's order granting partial summary judgment to Hartley and denying Defendants' claim to qualified immunity.

We review the denial of qualified immunity de novo. *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291,[1] and we reverse.

Government officials are "entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Defendants contest only the second prong on appeal, arguing that they are entitled to qualified immunity because the relevant law was not clearly established at the time of the incident in 2014.

"To be clearly established, a right must be sufficiently clear 'that every reasonable official would have understood that what he is doing violates that right.'" *Reichle*, 566 U.S. at 664 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741

---

[1] Hartley asserts that because the district court's order identified genuine disputes of material fact, we lack jurisdiction to hear this interlocutory appeal. While we may not review the finding that factual disputes exist, we nonetheless have jurisdiction to consider the purely legal question of "whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (internal quotation marks omitted).

(2011)) (brackets and internal quotation marks omitted). While qualified immunity does not require "a case on all fours," *Hines*, 914 F.3d at 1230, "existing precedent must have placed the statutory or constitutional question beyond debate," *Ashcroft*, 563 U.S. at 741. This "demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Wesby*, 583 U.S. at 63 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The Supreme Court has "repeatedly told courts not to define clearly established law at too high a level of generality." *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021); *see Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) ("[The qualified immunity] inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." (internal quotation marks omitted)). Our inquiry, then, boils down to whether it was beyond debate in 2014 that Defendants' warrantless removal of Hartley's children under the specific circumstances before them was unlawful.

Under our Fourteenth Amendment precedents, "parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001). An official conducting a warrantless removal "must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Rogers v. County of San Joaquin*, 487 F.3d

1288, 1294 (9th Cir. 2007); *see Mabe*, 237 F.3d at 1108 ("*[I]mminent* danger of future harm is required to show exigency.").

Hartley relies chiefly on *Rogers*. In *Rogers*, a social worker removed the plaintiff family's children without a warrant after observing their poor state of health, such as "bottle rot" and "malnutrition," 487 F.3d at 1292–93, and unsanitary conditions at the home, including "feces" and "rat droppings," *id.* at 1293. We refused to grant qualified immunity because none of these facts "indicate[d] any imminent risk of serious bodily harm." *Id.* at 1295. Hartley contends that Defendants' decision to remove her children based on the household's squalid state is no different.

Two key facts distinguish our case from *Rogers*, however, such that *Rogers* could not have given fair warning about the unlawfulness of Defendants' conduct. First, unlike in *Rogers*, there was the danger posed by Juan Ortiz, the allegedly abusive father of some of the children. Not only had Ortiz previously been reported to the police by Hartley for throwing a shoe at one of his daughters, but the Department of Child Safety had also recently received a report that Ortiz had molested another daughter for ten years. The unserved order of protection against Ortiz provided "specific, articulable evidence," *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000), that he could return to the home anytime, as was indeed the case during the summer of 2014.

It is true that Defendants had known about allegations of Ortiz's sexually abusive conduct for about two months when they removed the children, and that "an official's prior willingness to leave the children in their home militates against a finding of exigency." *Rogers*, 487 F.3d at 1295; *see Mabe*, 237 F.3d at 1108 (reasoning that social worker's choice to leave child at home following allegations of molestation undermined reasonable belief about exigency). In this instance, however, Defendants gained new information shortly before removing the children. "Defendants did not learn that the order of protection was unserved until the police told them," as Hartley concedes. Hughes was also alerted for the first time to the possibility of Hartley covering for Ortiz when she heard Hartley coaching the children to lie about Ortiz's visits. We cannot conclude that every reasonable official faced with these new facts would have determined that the children faced no imminent danger of harm.

Second, Defendants could not be sure of obtaining a warrant "within hours," as was the case in *Rogers*. 487 F.3d at 1295. Central to our holding in *Rogers* was the fact that none of the deplorable conditions at the children's home could cause harm within the few hours it would have taken to obtain a warrant. *See id.* at 1295–1296; *see also Mabe*, 237 F.3d at 1108 ("[I]t is difficult to understand how the further delay of a few hours necessary to obtain the warrant would have put [the child] in imminent danger of serious physical injury."). In this case, Arizona law at

the time of the events required filing a dependency petition before obtaining a warrant. A.R.S. § 8-821 (2014) (revised 2015). The record shows that it subsequently took five days for the state Attorney General to prepare and file the petition, and another two days for the court to approve it. Defendants could have reasonably believed that Ortiz might return to the home on any one of those days and harm the children. The parties dispute, with neither side providing evidence, whether a dependency petition could have been filed faster. Within this confined record, it was not "plainly incompetent" for Defendants to deem the window for obtaining a warrant long enough to pose serious risk to the children.

We reverse and remand for the entry of judgment in favor of Defendants and for any further proceedings consistent with this decision.

**REVERSED AND REMANDED.**

23-15932